[Civ. No. 20799. First Dist., Div. One. Nov. 2, 1962.]

NELSON HYDE CHICK et al., Petitioners, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; CLAUDE JONES et al., Real Parties in Interest.

Russ & Moore and Wilbur J. Russ for Petitioners.

No appearance for Respondent.

Gonick & Schmid, T. Groezinger, Loton Wells, Charles M. McMillan, Henry F. O'Connell and Harry Gonick for Real Parties in Interest.

BRAY, P. J.—Petition for writ of mandate and writ of prohibition.

### QUESTION PRESENTED

Does the rule set forth in *Witt* v. *Jackson* (1961) 57 Cal.2d 57 [17 Cal.Rptr. 369, 366 P.2d 641], that the contributory negligence of a plaintiff's employer will bar recovery from a third person of workmen's compensation payments made by the employer and its insurer, apply to causes of action accruing prior to the passage in 1957 of the joint tortfeasor statute (Code Civ. Proc., §§ 875-880)?

### RECORD

Petitioners were the general contractors for the construction of a building in Oakland. Claude Jones, doing business as the Claude Jones Company, was a subcontractor on the project. Plaintiff in the court below was an employee of the subcontractor and was injured in 1954 while working on the building. He received workmen's compensation benefits from his employer and the latter's compensation carrier. Plaintiff sued petitioners, the general contractors, to recover for the injuries sustained. Jones, the subcontractor, and his insurance carrier, seek in that action to recover from defendants therein, petitioners in this proceeding, the workmen's compensation disability and medical payments made to plaintiff. Petitioners filed a motion in that action to amend their answer theretofore filed to allege that Jones was negligent in the performance of the construction work, which negligence was the proximate cause of plaintiff's injuries, and that said negligence bars Jones and his carrier from recovery of said compensation payments. Petitioners also moved to compel joinder of Jones and his carrier as necessary parties plaintiff in the event the court deemed their presence necessary for petitioners to raise the proposed defense.

The trial court denied both motions. Petitioners seek a writ of mandate compelling the respondent court to allow the amendment and a writ of prohibition prohibiting that court from proceeding to trial without permitting the amendment.

## The Defense Is Available

In 1954 it was the law in California that the concurring negligence of a workman's employer did not bar the employer's recovery, in an action brought by the injured employee, from a third party tortfeasor of compensation benefits paid to the injured employee. (*Finnegan* v. *Royal Realty Co.* (1950) 35 Cal.2d 409, 434-435 [218 P.2d 17]; *Pacific Indem. Co.* v. *California Electric Works, Ltd.* (1938) 29 Cal.App.2d 260 [84 P.2d 313].)

In December 1961, the Supreme Court held in *Witt* v. *Jackson, supra,* 57 Cal.2d 57, 69-73, that a third party tortfeasor could invoke the concurrent negligence of an employer to defeat the latter's rights to recover for the benefits paid to an injured employee.

At the time of the plaintiff-employee's injury, it was also the rule in California that there was no right of contribution among joint tortfeasors. (*Smith* v. *Fall River Joint Union High School Dist.* (1934) 1 Cal.2d 331 [34 P.2d 994]; *Dow* v. *Sunset Tel. & Tel. Co.* (1912) 162 Cal. 136 [121 P. 379].) However, in 1957, this doctrine was partially abrogated by the enactment of sections 875-880 of the Code of Civil Procedure so as to permit contribution, under certain conditions, ''Where a money judgment has been rendered jointly against two or more defendants in a tort action. . . .'' This modification of the common-law doctrine of noncontribution among joint tortfeasors was discussed in the Supreme Court's decision in *Witt* v. *Jackson, supra.*

 It is the contention of Jones and his carrier, the real parties in interest, and it was the holding of the trial court, that the ruling in *Witt* was not available to petitioners since to apply it would entail retroactive applications of sections 875-880.

 Such reasoning is erroneous: First, because it is obvious that since a covered employer is not liable in tort to his injured employee (*Lamoreux* v. *San Diego etc. Ry. Co.* (1957) 48 Cal.2d 617, 624-626 [311 P.2d 1]), sections 875-880, permitting contribution between judgment joint tortfeasors only, could have no application as between a covered employer and a third party tortfeasor. The employee's remedy is provided

by the Workmen's Compensation Act; hence he could not recover a judgment in a personal injury action against his employer whether singly or with other tortfeasors.

This was explained in the recent case of *American Can Co.* v. *City & County of San Francisco* (1962) 202 Cal.App.2d 520, 523 [21 Cal.Rptr. 33], in footnote 2, which stated, "It would seem evident that section 875 would never be applicable in situations where the injured party is the employee of one of two tortfeasors and the employer has secured workmen's compensation insurance. Since the employee's 'exclusive remedy' against his employer is the right to recover compensation (see Lab. Code, § 3601), he may not bring a tort action against the employer, and the two tortfeasors will never be held jointly liable as required by Code of Civil Procedure, section 875. (See *Witt* v. *Jackson* . . ., where the court indicated that a negligent third party could obtain contribution pursuant to Code Civ. Proc., § 875, only in the *absence* of workmen's compensation.)"

Secondly, the Supreme Court in *Witt* did not in any sense indicate that its decision was compelled by sections 875-880. Rather, the court's sole reference to sections 875-880 of the Code of Civil Procedure was made during its demonstration that the rationale of prior decisions was no longer sustainable. These sections are not cited by the court among the reasons for its decision.

It is the general rule that decisions which reverse prior rulings have retroactive effect. (*Aced* v. *Hobbs-Sesack Plumbing Co.* (1961) 55 Cal.2d 573 [12 Cal.Rptr. 257, 360 P.2d 897] ; 3 Witkin, Cal. Procedure, Appeal, § 238, p. 2459.) However, the court in *Witt* did not overrule prior decisions to the contrary, but merely distinguished them on the basis of the intervening enactment of Code of Civil Procedure sections 875-880.

In *Witt* the Supreme Court stated that the reasoning in *Pacific Indem. Co.* v. *California Electric Works, Ltd., supra,* 29 Cal.App.2d 260, and *Finnegan* v. *Royal Realty Co., supra,* 35 Cal.2d 409 (upon which cases the trial court relied) "has been rendered obsolete" (p. 70) because to follow such reasoning would permit a negligent employer to profit by his own wrong.

The opinions in the *Pacific Indemnity, Finnegan* and *Witt* cases make clear the fact that the rules announced in each case are rules of decisional law. There is no doubt but that the court in *Witt* was influenced by the expression of

legislative will as set forth in Code of Civil Procedure sections 875-880. However, the two rules are related only because of the extent to which they are impelled by the same policy considerations. The decision in *Witt* is in terms not made to depend upon these sections, which have, in fact, no direct bearing on the question decided in the *Witt* case. It follows that the application of that decision to the case at bar does not involve retroactive application of sections 875-880, and that the court below erred in basing its ruling on that ground.

In *Witt* the court discussed the Pennsylvania rule which permits a third party tortfeasor against whom an injured employee has recovered a judgment to secure contribution from the negligent employer, limited to the amount of compensation payments the employer has made to the employee. It then discussed the North Carolina rule which holds that the third party is entitled to have the judgment against him reduced by the amount of compensation paid to the injured employee if he can prove that the concurrent negligence of the employer contributed to the injuries suffered by the employee. The court then stated, ''We find the reasons supporting the North Carolina rule persuasive.'' (P. 71.) Then, after quoting from *Lovette* v. *Lloyd*, 236 N.C. 663 [73 S.E.2d 886, 892] '' 'It is contrary to the policy of the law for the employer, or his subrogee, the insurance carrier, to profit by the wrong of the employer,' '' the court said (p. 72): ''This policy should prevail here since there is nothing in the Labor Code to suggest that the Legislature contemplated that a negligent employer could take advantage of the reimbursement remedies that those sections provide. In the absence of express terms to the contrary, these provisions must be deemed to be qualified by Civil Code section 3517 which provides that 'No one can take advantage of his own wrong.' Thus, whether an action is brought by the employer or the employee, the third party tortfeasor should be able to invoke the concurrent negligence of the employer to defeat its right of reimbursement, since, in either event, the action is brought for the benefit of the employer to the extent that compensation benefits have been paid to the employee. (See *Lovette* v. *Lloyd, supra,* 73 S.E.2d at p. 892.)''

Respondent, however, characterizes the decision in the *Witt* case as involving an ''interpretation'' of sections 875-880 of the Code of Civil Procedure, and contends that these sections and the court interpretation operate to alter a right vested in a covered employer which respondent contends is provided by

section 3601 of the Labor Code. This section, insofar as is pertinent here, provides that an injured employee's right to workmen's compensation benefits is his exclusive remedy against a covered employer. Respondent contends that to apply the "interpretation" of sections 875-880 set forth in *Witt* so as to give these sections retroactive application impairs a constitutionally protected, vested right. The answer is that (a) the decision in *Witt* neither calls these sections into play, nor purports to apply them to that case; and (b) neither *Witt* nor these sections affect the provisions of Labor Code section 3601.

Respondent also urges a totally inapplicable analogy based upon the presumption that the court in *Witt* "declared and interpreted C.C.P. 875-880 so as to conclude that the employer in certain circumstances no longer is afforded a statutory right of subrogation" as provided by sections 3852-3862 of the Labor Code. As pointed out above, sections 875-880 were not the rationale of the *Witt* decision.

The petitioners' motion to compel joinder of the Claude Jones Company and its carrier indicates that petitioners seek to have them joined as plaintiffs. The real parties in interest contend that there are no rules by which to compel them to become parties plaintiff against their wishes. It would appear that the court denied the motion to compel joinder solely because it denied the motion to amend the answer. Hence, there is no actual ruling of the court as to the propriety of the manner of joinder. In *City of Sacramento* v. *Superior Court* (1962) 205 Cal.App.2d 398 [23 Cal.Rptr. 43], the court held that a third party tortfeasor in the position of the petitioners may join the employer and his carrier by cross-complaint *upon a showing that a justiciable issue of the employer's concurrent negligence exists.* While the court did not intimate that this mode of joinder was exclusive, it would appear to be the mode most reasonably adapted to facilitate the action. The trial court may so order. (Code Civ. Proc., § 389.) However, so far as the record discloses, this is an issue which was not passed on by the court below, and which, therefore, is not seasonably before this court.

The alternative writ of prohibition heretofore issued is discharged, and it is ordered that a peremptory writ of mandate issue requiring the respondent court to set aside its order denying petitioners' motions and to permit petitioners to amend their answer and to act upon petitioners' motion to compel joinder of Jones and his insurance carrier as parties

plaintiff in the event the court deems their presence necessary to raise the proposed defense.

Sullivan, J., and Agee, J.,* concurred.

The petition of the real parties in interest for a hearing by the Supreme Court was denied December 26, 1962.

*Assigned by Chairman of Judicial Council.