[Civ. No. 461. Fifth Dist. Apr. 2, 1965.]

JOSE CASTRO, Plaintiff and Respondent, v. FOWLER EQUIPMENT CO., Defendant and Appellant.

Ives, Kirwan & Dibble and Martin J. Kirwan for Defendant and Appellant.

Byhower, Longley & Vaughan and Arthur N. Hews for Plaintiff and Respondent.

BROWN (R. M.), J.—This is an appeal brought by appellant from a judgment entered pursuant to a jury verdict in favor of respondent. Appellant also seeks a review of an order denying its motion for a new trial.

No charge of insufficiency of the evidence being made, the facts pertinent to this appeal may be briefly summarized. Respondent sustained serious injuries while acting within the course and scope of his employment as an employee of Nordstrom & Faccou Cement Contractors. He filed this common law action for damages for both present injuries and future disablement against appellant and Welch's Ready-Mixed Concrete, Inc. At the time of trial a nonsuit was granted as to the latter corporation. Appellant cross-complained against the employer, Nordstrom & Faccou, and its compensation carrier, the State Compensation Insurance Fund, seeking a reduction against any judgment the respondent might recover in an amount equal to workmen's compensation benefits paid or to be paid in the future to the respondent, on the theory that the employer's negligence caused or contributed to the respondent's injuries. The State Compensation Insurance Fund, in turn, cross-complained against appellant under the doctrine of subrogation, seeking to recover reimbursement for the amount of compensation paid.

At the time of trial compensation benefits actually paid were shown to total $12,862.51. At that time the respondent's permanent injuries had not then been rated by the Industrial Accident Commission and there was no award for future benefits. The fund, in open court, waived its right to reimbursement for any additional benefits which might be paid to respondent.

A jury returned a verdict in favor of respondent and against appellant awarding damages in the sum of $157,490.51, less a deduction of $12,862.51, for a net award of $144,628. A second verdict was returned in favor of the appellant and against the State Compensation Insurance Fund. Appellant's motion for a new trial having been denied, it brought this appeal.

Two grounds of appeal are presented: (1) the trial court erred in not permitting appellant to introduce evidence of future benefits the respondent was entitled to receive under the applicable provisions of the compensation policy of the State Compensation Insurance Fund; and (2) the trial court erred in failing to instruct the jury on issues raised by the appellant's cross-complaint. Appellant also states that the

trial court abused its discretion in denying its motion for a new trial based on one of the questions answered on *voir dire* by one of the jurors.

The appellant contends that the trial court erred in excluding its proffered testimony of the monetary value of future compensation benefits (as distinguished from benefits actually paid) which respondent was entitled to receive under the provisions of the Workmen's Compensation Act. At the time of the trial respondent's permanent injuries had not been rated, nor had a permanent award been made by the Industrial Accident Commission.

During the course of the trial the respondent introduced considerable evidence tending to establish damages for his future disablement which undoubtedly contributed substantially to the amount of the jury's award. At the trial the appellant introduced contrary evidence as to the permanent disability of the respondent and attempted to introduce evidence of the monetary value of the benefits that the respondent was eligible to receive as compensation benefits. The court at the argument relied on *Witt* v. *Jackson,* 57 Cal.2d 57 [17 Cal.Rptr. 369, 366 P.2d 641], and stated that this type of a situation has to be resolved by the Legislature, and ruled that such testimony by an expert as to what the Industrial Accident Commission would rule is too speculative and conjectural.

The appellant points out that in its opinion there is no method available to a third party defendant in an action brought by an injured employee to prevent double recovery on the part of the employee after judgment in his common law action has become final. In the cases of *Witt* v. *Jackson, supra; City of Sacramento* v. *Superior Court,* 205 Cal.App.2d 398 [23 Cal.Rptr. 43]; *Tate* v. *Superior Court,* 213 Cal.App.2d 238 [28 Cal.Rptr. 548]; and *Dauer* v. *Aerojet General Corp.,* 224 Cal.App.2d 175 [36 Cal.Rptr. 356], the injured employee was prohibited from recovering double compensation by permitting the third party tortfeasor a reduction against the amount of the judgment in favor of the employee. In the *Witt* case, the court pointed out that under the Workmen's Compensation Act an employer may recover the amount expended by way of compensation benefits in three ways: by an independent action, by joining in the employee's action, or by claiming a lien on the employee's judgment. On the rationale that it is contrary to the policy of the law to permit an employer who is contributively negligent, or his subrogated carrier, to profit by the wrong of the employer, the court laid

down these rules: "Thus, whether an action is brought by the employer or the employee, the third party tortfeasor should be able to invoke the concurrent negligence of the employer to defeat its right of reimbursement, since, in either event, the action is brought for the benefit of the employer to the extent that compensation benefits have been paid to the employee." (P. 72.)

"Since, however, the injured employee may not be allowed double recovery, his damages must be reduced by the amount of workmen's compensation he received." (P. 73.)

*City of Sacramento* v. *Superior Court, supra,* 205 Cal. App.2d 398, was a mandamus proceeding to compel the superior court to permit the defendants in a suit brought by the injured employee to bring in as new parties the employer (who was allegedly negligent), and the State Compensation Insurance Fund, its insurer, by way of a cross-complaint. On the theory that the right of the third party tortfeasor is a substantive right which could not be lost by a circumstance wholly beyond his control, namely, whether the employer elected to sue or join in the suit, on the one hand, or wait to enforce his lien, on the other, the court held that the cross-complaint should be allowed and a peremptory writ was granted.

*Tate* v. *Superior Court, supra,* 213 Cal.App.2d 238, was also a proceeding in mandamus to compel the superior court to take various actions to the end that the third party defendants in the suit brought by the employee would be permitted to amend their answer to raise the defense of the employer's contributory negligence. It was held that the defense could be raised by joining the employer and its carrier, but that since the latter were not indispensable parties, it could be raised by an answer in the employee's suit without such joinder.

 Respondent was entitled as a matter of law to bring his third party action against the third party negligent tortfeasor for damages unaffected by any compensation. (Lab. Code, § 3852.) The employer had a right to, and did, join in the said proceeding. (Lab. Code, § 3856.) Under *Tate* v. *Superior Court, supra,* a third party tortfeasor has a right to claim the contributing negligence of the employer and to claim a setoff.

In *Witt* v. *Jackson, supra,* at page 70, the court held that in the absence of the Workmen's Compensation Act, a negligent third party would be allowed contribution against a

concurrently negligent employer if the conditions of Code of Civil Procedure sections 875 to 880 are met. (Joint tortfeasor contribution act.) (See also *Chick* v. *Superior Court,* 209 Cal.App.2d 201, 204 [25 Cal.Rptr. 725].)

■ No rating having been made by the Industrial Accident Commission, it is impossible for any court to determine what that rating might be. The commission has exclusive jurisdiction to determine compensation even where a third party action is brought before jurisdiction of the commission has been invoked. (*Sanstad* v. *Industrial Acc. Com.,* 171 Cal.App.2d 32, 39 [339 P.2d 943].)

Labor Code section 3858 reads as follows: "After payment of litigation expenses and attorneys' fees fixed by the court pursuant to Section 3856 and payment of the employer's lien, the employer shall be relieved from the obligation to pay further compensation to or on behalf of the employee under this division up to the entire amount of the balance of the judgment, if satisfied, without any deduction. No satisfaction of such judgment in whole or in part, shall be valid without giving the employer notice and a reasonable opportunity to perfect and satisfy his lien."

Even though a rating had been made by the Industrial Accident Commission, it does not necessarily follow that the respondent would receive all that such award would allow as it may be terminated by death or other events, and to require that the respondent should have his judgment against the tortfeasor reduced by that amount would mean that he would not be able to collect on his common law right but would have to wait for payments on a weekly basis unless he made a lump-sum settlement.

■ It would have been improper for the jury to have heard testimony and made a finding of fact as to what the Industrial Accident Commission might award the respondent in the event of a hearing. However, the appellant did receive a credit on the judgment for the exact amount which was paid by the State Compensation Insurance Fund.

In the case of *Conner* v. *Utah Constr. & Mining Co.,* 231 Cal.App.2d 263, 275 [41 Cal.Rptr. 728], (hearing denied by Supreme Court) the employer's compensation carrier intervened in an action brought by an injured employee against a third party defendant. The carrier sought to recover from the defendant the sum of $8,852.33 in workmen's compensation benefits which it had paid to the employee. On the appeal, the defendant argued that the trial court erred in refusing

its requested instruction based on *Witt* v. *Jackson, supra,* 57 Cal.2d 57, to the effect that the plaintiff's recovery should be reduced not only by the amount which he had already received in compensation benefits but also by any amounts he might recover in the future. The court deemed the instruction to be an "unusual and impractical extension of *Witt* v. *Jackson, supra.*" That case is distinguishable from the case at hand in that there no evidence which would support the giving of the instruction had been offered by the defendant, and here the fact that such evidence was offered and excluded is the heart of the problem. Nevertheless, the language of the court, while not controlling, lends some support to the conclusion which we have reached.

Appellant contends that the court failed to instruct the jury and submit to it a verdict on the issues raised on its cross-complaint, citing *Risley* v. *Lenwell,* 129 Cal.App.2d 608 [277 P.2d 897] ; *Tidlund* v. *Seven Up Bottling Co.,* 154 Cal. App.2d 663 [316 P.2d 656] ; and 48 California Jurisprudence 2d, section 157. No argument is made, the appellant merely stating that no discussion is necessary to show how the appellant was prejudiced. No instruction was offered by appellant, and the record does not disclose any objection to the form of the verdict as submitted.

The appellant's cross-complaint sought an adjudication that the employer was negligent and that in the event of a judgment in favor of the respondent in the principal action, the amount of any such recovery should be reduced or extinguished to the extent of workmen's compensation benefits paid or to be paid. As to the compensation benefits actually paid, the court properly instructed the jury that, if it found for the plaintiff, it should reduce the amount of any judgment awarded by the sum of $12,862.51. The court further instructed the jury that if it found the employer negligent it should return a verdict in favor of appellant and against the State Compensation Insurance Fund.

In the *Witt* case, *supra,* the Supreme Court clearly states that the right of the defendant if he proves that the employer was contributively negligent is a defense against the employer's right to seek reimbursement for compensation benefits paid and a reduction of the judgment in favor of the injured plaintiff in a like amount.

A negligent defendant has no right of recoupment which could be made the basis of an affirmative action; he has only a right to defeat the claim of an employer and a right

to a reduction against the judgment in a suit brought by an employee.

It has been held that the right of reduction may be protected by alleging it as a defense in an answer on the basis that *Witt* defined it as a *pro tanto* defense (*Tate* v. *Superior Court, supra,* 213 Cal.App.2d 238, 247-248; *Chick* v. *Superior Court, supra,* 209 Cal.App.2d 201), or by a cross-complaint against the employer and the carrier (*City of Sacramento* v. *Superior Court, supra,* 205 Cal.App.2d 398).

■ It would seem that the appellant can raise his right to a reduction in any feasible way that would permit the amount to be ascertained. However, all he is entitled to by way of verdict is a reduction in the amount of the adverse judgment, and here, the general verdict gave the appellant all it was entitled to receive under its cross-complaint. (See *Murray* v. *Babb,* 30 Cal.App.2d 301 [86 P.2d 146].)

■ The appellant also contends that the trial court abused its discretion in denying its motion for a new trial on the ground that the verdict was not rendered by a fair and impartial jury. The jury's verdict was nine to three in favor of the respondent. One of the jurors, Mrs. Fishman, voting with the majority, was asked on *voir dire* by defense counsel, "Have you or any immediate member of your family been injured in an accident?" Her answer was "No." After the trial the appellant engaged the services of a licensed investigator to determine whether the jurors had been honest in their answers given on *voir dire*. It appeared that the husband of the juror had filed a claim with an insurance company for personal injuries arising out of an automobile accident which had occurred in 1962; that he had been under a doctor's care and had engaged the services of an attorney, which claim was still pending. Mrs. Fishman's response in her declaration was that she did not recall the specific question relating to injuries suffered by an immediate member of her family in an accident. She avers that the only knowledge she had at the time of trial was that her husband had been in an accident, that at a later date he had seen a doctor, but she did not know that it was in connection with the accident, nor that he had retained an attorney or filed a claim. She further states that her husband owned a vending machine company, has 20 vehicles, drives constantly, and does not discuss matters with her.

In *Dunford* v. *General Water Heater Corp.,* 150 Cal.App.2d 260, 266 [309 P.2d 958], it was stated that the moving party

must show that the questioned juror had a biased or prejudiced state of mind towards the defendant and a challenge for cause would have been granted. The court in *Dewit* v. *Glazier*, 149 Cal.App.2d 75, 83 [307 P.2d 1031], quoting from *People* v. *Webb*, 143 Cal.App.2d 402, 419-420 [300 P.2d 130], said: " 'The trial court by its ruling denying the motion for a new trial necessarily impliedly found that Bradley did not misrepresent his state of mind on the *voir dire* examination. This finding cannot be reversed in the absence of a showing of a clear abuse of discretion. No such showing was here made [citations].' "

In *Estate of Malvasi*, 96 Cal.App. 204, at page 211 [273 P. 1097], it was said: "But in such cases it is the state of mind which is material and which disqualifies and such state of mind is material only in the event that it entitles a party to a challenge for cause."

Here, counsel for the appellant states that at the time of Mrs. Fishman's examination he had left one peremptory challenge which he did not thereafter use.

In *George* v. *City of Los Angeles*, 51 Cal.App.2d 311 [124 P.2d 872], substantially the same charge as to a juror's conduct was made. At page 321 the court stated: "Juror Gates on her *voir dire* examination when asked whether she or her husband had been involved in an accident in which personal injuries were suffered, replied, 'No.' However, it developed on the motion for a new trial that her husband two years before she had met him had received an injury to his hand in an automobile accident and also slight injuries in an automobile accident thirteen years before the present trial. Juror Gates in her counter affidavit, used on the motion for a new trial, said that she understood the question to relate to her solely. We are of the opinion that from the foregoing facts appealing defendant was not in any way prejudiced by the juror's failure to understand the question and properly answer it. Therefore, since it is established that a motion for a new trial will not be granted upon the ground that a juror upon *voir dire* examination has incorrectly answered questions, in the absence of a showing that (1) prejudice has resulted to the appealing party, or (2) there were wilfully false and untruthful answers given by the juror which would lead to the inference that the juror was animated by a dishonest motive in qualifying, the trial judge properly denied the appealing defendant's motion for a new trial predicated upon the alleged misconduct of juror Gates."

In the case of *Mast* v. *Claxton,* 107 Cal.App. 59 [290 P. 48], a juror stated that he did not know any of counsel for the litigants. It developed that the attorney for the plaintiff had actually represented the juror in a prior lawsuit and had tried the prior suit. The court points out that a strong showing must be made by the moving party in order to prevail on the ground of irregularity in the proceedings of the jury. At page 69 it stated: ''Furthermore, we do not believe that either the juror Nielson or respondent's counsel were guilty of misconduct. It was undoubtedly a lapse of memory on the part of both, and the record is absolutely devoid of anything that would tend to show any wilful misconduct.''

The appellant has failed to make a prima facie showing. It was a question of fact for the trial judge to determine, and since the trial court has made its ruling the appellant has failed to show any abuse of discretion.

The judgment is affirmed.

Conley, P. J., and Stone, J., concurred.

A petition for a rehearing was denied April 30, 1965, and appellant's petition for a hearing by the Supreme Court was denied May 26, 1965.