[S. F. No. 22605. In Bank. Oct. 24, 1968.]

WALDO E. WOODCOCK, Plaintiff and Respondent, v. FONTANA SCAFFOLDING AND EQUIPMENT COMPANY, Defendant and Appellant; ARGONAUT INSURANCE COMPANY, Intervener and Respondent.

Ellwood Hoskins and Cyril Viadro for Defendant and Appellant.

Boccardo, Blum, Lull, Niland, Teerlink & Bell, David S. Lull and Edward J. Niland for Plaintiff and Respondent.

No appearance for Intervener and Respondent.

PETERS, J.—Plaintiff Waldo E. Woodcock, an employee of Barrett Construction Company, was injured on December 16, 1963, at a construction site in Palo Alto. He commenced this action for damages for personal injuries against Fontana Scaffolding and Equipment Company, alleging that it had negligently stacked a number of metal scaffold frames which had fallen on him.

Fontana Scaffolding denied all material allegations of the complaint, alleged negligence on the part of Barrett Construction Company, and claimed a setoff of the workmen's compensation benefits Woodcock had received. Argonaut Insurance Company, Barrett's workmen's compensation carrier, filed a $4,311.76 lien against any recovery under Labor Code section 3856, and intervened to protect its claim.

The cause was tried by a jury. After instructing on the law of negligence, the trial judge explained the interest of the intervener. "Plaintiff has received certain sums to wit, $4,311.76 as and for workmen's compensation benefits from the Argonaut Insurance Company, which carried workmen's compensation insurance for his employer, the Barrett Construction Company. If you find a verdict in favor of the plaintiff, Waldo E. Woodcock, the Argonaut Insurance Company may or may not be entitled to reimbursement from any such verdict. If you find that plaintiff's employer, Barrett Construction Company, was negligent in providing for the safety of its employees and that such negligence was a proxi-

mate contributing cause of the injury in question to the plaintiff, then, the Argonaut Insurance Company will not be entitled to reimbursement from any such verdict."

After completing instructions relative to the intervener's claim, the judge expounded on the proper form for the verdict. "Now, if you determine that the plaintiff is entitled to recover against the defendant, then, you will *determine the full amount of the damages* and insert it in that blank there. *Do not subtract this other compensation claim. You determine the whole amount of the damages.* The Court will determine the other situation." (Italics added.)

The jury returned a verdict and special finding which recited: "We, the jury in the above-entitled cause, find a verdict in favor of the Plaintiff, WALDO E. WOODCOCK, and against the Defendant, FONTANA SCAFFOLDING & EQUIPMENT COMPANY, a corporation, and assess the Plaintiff's damages in the sum of $13,000.00. We further find that the Plaintiff's injury was proximately contributed to by the negligence of the plaintiff's employer, BARRETT CONSTRUCTION COMPANY."[1]

Judgment was entered in the full amount of the verdict. Woodcock moved for a new trial because of inadequate damages, and Fontana Scaffolding moved to correct the judgment under Code of Civil Procedure sections 473 and 663, contending that $4,311.76 previously paid as workmen's compensation benefits should have been deducted from the judgment. All motions were denied, and Fontana Scaffolding appealed.

The heart of this controversy is the question whether "damages in the sum of $13,000.00" represents the total or gross amount of damages to plaintiff or a reduced or net amount of damages after exclusion of the payments made to plaintiff by intervener. If $13,000 represents the whole amount of damages, then Woodcock's "damages must be reduced by the amount of workmen's compensation he received" to avoid double recovery. (*Witt* v. *Jackson*, 57 Cal.2d 57, 73 [17 Cal.Rptr. 369, 366 P.2d 641]; see *Smith* v. *Trapp*,

---

[1]Argonaut filed a complaint in intervention, and was accordingly entitled to a formal, separate verdict. (See Lab. Code, § 3852; *Fernandez* v. *Consolidated Fisheries, Inc.*, 117 Cal.App.2d 254, 265 [255 P.2d 863].) The court did not submit a form which provided for such a verdict. Argonaut did not object, and Argonaut was the only party in a position to complain. (Cf. 2 Witkin, Cal. Procedure (1954) Trial, § 88, pp. 1817-1818.) The general verdict-special finding procedure utilized by the court would appear to have been otherwise proper and not atypical. (See *Souza* v. *Pratico*, 245 Cal.App.2d 651, 653-654 [54 Cal.Rptr. 159].)

249 Cal.App.2d 929 [58 Cal.Rptr. 229]; *Souza* v. *Pratico, supra,* 245 Cal.App.2d 651; *Harness* v. *Pacific Curtainwall Co.,* 235 Cal.App2d 485 [45 Cal.Rptr. 454]; *Castro* v. *Fowler Equipment Co.,* 233 Cal.App.2d 416 [43 Cal.Rptr. 589]; *Conner* v. *Utah Constr. & Min. Co.,* 231 Cal.App.2d 263 [41 Cal. Rptr. 728]; *Dauer* v. *Aerojet General Corp.,* 224 Cal.App.2d 175 [36 Cal.Rptr. 356]; *Tate* v. *Superior Court,* 213 Cal.App. 2d 238 [28 Cal.Rptr. 548]; *Chick* v. *Superior Court,* 209 Cal. App.2d 201 [25 Cal.Rptr. 725]; *City of Sacramento* v. *Superior Court,* 205 Cal.App.2d 398 [23 Cal.Rptr. 43].)

Standing alone, the verdict is ambiguous in not specifying whether the $13,000 represents the gross or net amount of damages. ██ "If the verdict is ambiguous the party adversely affected should request a more formal and certain verdict. Then, if the trial judge has any doubts on the subject, he may send the jury out, under proper instructions, to correct the informal or insufficient verdict." (*Fernandez* v. *Consolidated Fisheries, Inc., supra,* 117 Cal.App.2d 254, 263; *Phipps* v. *Superior Court,* 32 Cal.App.2d 371, 374-375 [89 P.2d 698]; Code Civ. Proc., § 619.)[2] But where no objection is made before the jury is discharged, it falls to "the trial judge to interpret the verdict from its language considered in connection with the pleadings, evidence and instructions." (*Fer-*

---

[2]Frequently, failure to object to the form of a verdict before the jury is discharged has been held to be a waiver of any defect. (E.g., *Lynch* v. *Birdwell,* 44 Cal.2d 839, 851 [285 P.2d 919]; *Brown* v. *Regan,* 10 Cal.2d 519, 523-524 [75 P.2d 1063]; *Fransen* v. *Washington,* 229 Cal.App.2d 570, 574 [40 Cal.Rptr. 458]; *County of Humboldt* v. *Shelly,* 220 Cal. App.2d 194, 200 [33 Cal.Rptr. 758]; *Fairfield* v. *Hamilton,* 206 Cal. App.2d 594, 605 [24 Cal.Rptr. 73]; 2 Witkin, Cal. Procedure, *op. cit. supra,* § 97, pp. 1825-1827.) However, waiver is not automatic, and there are many exceptions. (E.g., *Aynes* v. *Winans,* 33 Cal.2d 206, 209 [200 P.2d 533]; *Mixon* v. *Riverview Hospital,* 254 Cal.App.2d 364, 376-377 [62 Cal.Rptr. 379]; *Dauenhauer* v. *Sullivan,* 215 Cal.App.2d 231, 234 [30 Cal.Rptr. 71]; *West* v. *Duncan,* 205 Cal.App.2d 140, 141-142 [22 Cal. Rptr. 833]; *Shell* v. *Schmidt,* 126 Cal.App.2d 279, 293-294 [272 P.2d 82].)

Waiver is not found where the record indicates that the failure to object was not the result of a desire to reap a "technical advantage" or engage in a "litigious strategy." (*Phipps* v. *Superior Court, supra,* 32 Cal.App.2d 371, 375; *Dauenhauer* v. *Sullivan, supra,* 215 Cal.App.2d 231, 234.) Thus, in *Fernandez* v. *Consolidated Fisheries, Inc., supra,* 117 Cal. App.2d 254, 262-263, where plaintiff sought damages for negligence and the intervener sought reimbursement for its workmen's compensation payments to plaintiff, the jury verdict was ambiguous when it awarded $50,000 to plaintiff and $8,813.87 to intervener without specifying whether the $50,000 represented the total amount of damages or a net sum to plaintiff. A more certain verdict was not requested. The court, weighing the merits, concluded that the trial judge had properly inter-

*nandez* v. *Consolidated Fisheries, Inc., supra,* 117 Cal.App.2d 254, 263; *West* v. *Duncan, supra,* 205 Cal.App.2d 140, 142.)

█ Where the trial judge does not interpret the verdict or interprets it erroneously, an appellate court will interpret the verdict if it is possible to give a correct interpretation. (*Mixon* v. *Riverview Hospital, supra,* 254 Cal.App.2d 364, 374; *Dauenhauer* v. *Sullivan, supra,* 215 Cal.App.2d 231, 234; *Weddle* v. *Loges,* 52 Cal.App.2d 115, 118-119 [125 P.2d 914]; cf. 2 Witkin, Cal. Procedure, *op.cit. supra,* § 92 et seq., p. 1821 et seq.) If the verdict is hopelessly ambiguous, a reversal is required, although retrial may be limited to the issue of damages. (*West* v. *Duncan, supra,* 205 Cal.App.2d 140, 144; *Shell* v. *Schmidt, supra,* 126 Cal.App.2d 279, 294; *Fernandez* v. *Consolidated Fisheries, Inc., supra,* 117 Cal.App.2d 254, 267.)

█ By denying defendant's motion to correct the judgment and enter a new judgment, the trial judge interpreted the verdict's award of $13,000 as representing the net or reduced amount of damages after exclusion of the workmen's compensation benefits previously paid to plaintiff. This controversy is thus limited to the narrow question of whether the instructions support the trial judge's interpretation.

█ The few instructions which weigh in favor of the trial court's interpretation relate to damages. "If you find in favor of the plaintiff in this action, then, in determining the amount of the award, you shall take into consideration the following items of damages, if any: The reasonable value, *not exceeding the cost to plaintiff,* of the examinations, attention, and care by physicians . . . the reasonable value, *not exceeding the cost to plaintiff,* of the services of nurses. . . . [T]he *loss* which the evidence shows with reasonable certainty to *have been suffered by him* [Woodcock] as a result of his inability, if any, to pursue these occupations as a result of his disability, . . ." (Italics added.) (Compare BAJI Nos. 174-A, 174-D (identical medical expense instructions), 174-F (similar loss of earnings instruction).)

---

preted the verdict. In a *Fernandez* situation, as in many other cases, waiver is not an issue where a defect is latent and there is no hint of "litigious strategy."

There was no waiver here because, in light of the instructions, the verdict was not ambiguous. (See *infra.*) Accordingly, there was nothing to clarify. But even if the verdict were ambiguous, there is no hint of a purpose to achieve a "technical advantage" or fulfill a "litigious strategy," and defendant should not be estopped to make his objections.

Without reference to the other instructions, these instructions are ambiguous insofar as they may suggest that the jury should determine a net cost to plaintiff for the elements covered.[3] However, the instructions cannot be read in a vacuum. They must be read with the other instructions. (*Porter* v. *Bakersfield & Kern Elec. Ry. Co.*, 36 Cal.2d 582, 589 [225 P.2d 223]). The other instructions make it abundantly clear that a net figure was not desired.

Initially, the court cautioned: ''Neither the allegations in the complaint as to the amount of damage plaintiff claims to have been suffered nor the prayer asking for certain compensation is to be considered by you in arriving at your verdict, except in this one respect: The amount of damages alleged in the complaint does fix a maximum limit, . . .'' It then ordered: ''Now, if you determine that the plaintiff is entitled to recover against the defendant, then, you will *determine the full amount of the damages* and insert it in that blank there. *Do not subtract this other compensation claim. You determine the whole amount of the damages.* The Court will determine the other situation.'' (Italics added.)[4]

This last instruction is most significant because it relates to the form of the verdict and the mechanics of entering a dollar amount. It clearly and without ambiguity shows that the jury was directed to enter a gross figure. When read together with this instruction, earlier references to ''cost'' become comprehensible only as setting a maximum dollar limit equivalent to the total dollar amount charged for services, whether or not a larger charge might have been reasonable and justified. References to ''loss'' become, in context, directives to fix the

---

[3] Authority, however, undermines such an interpretation. In *Fernandez* v. *Consolidated Fisheries, Inc., supra,* 117 Cal.App.2d 254, 266-267, the court held that it was error to give a loss of earnings instruction similar to the one quoted above. In that case, the jury segregated damages to plaintiff and indemnity to his employer. The court held that the instruction was improper because it suggested that plaintiff could recover a *gross* amount, with the result that the defendant would be charged twice for the same injuries.

[4] This instruction, by providing for a determination of the whole amount of damages, represents one of several acceptable procedures by which the trial judge could have effected a ''segregation of items of damage so as to prevent a double recovery against the tort feasor.'' (*Fernandez* v. *Consolidated Fisheries, Inc., supra,* 117 Cal.App.2d 254, 265; see *Eckman* v. *Arnold Taxi Co.*, 64 Cal.App.2d 229, 235 [148 P.2d 677]; cf. *Sherrillo* v. *Stone & Webster Engineering Corp.*, 110 Cal.App.2d 785, 789-790 [244 P.2d 70]; *Huber* v. *Henry J. Kaiser Co.*, 71 Cal.App.2d 278, 285 [162 P.2d 693].)

amount of injury or detriment without regard to the payment of workmen's compensation.

Moreover, it is in this basic instruction, for the first time, that the trial judge indicated to the jury that plaintiff's total damages would be reduced by the amount of workmen's compensation he had received *whether or not* Barrett was found negligent. In other words, this was the first indication that plaintiff would receive a "net" amount even if Argonaut's claim failed, and the revelation was contained in the injunction: *"Do not subtract this other compensation claim."*

Plaintiff argues that those instructions explaining that Argonaut could not recover if Barrett were found negligent indicated to the jury that they should return a net dollar amount. As noted, the jury's only intimation that plaintiff would ultimately receive a net amount was contained in a directive to ignore that fact in assessing damages. Accordingly, the information regarding Argonaut's rights in relation to Barrett's culpability plainly did not have the effect suggested.

In summary, the pivotal instruction in this case is the one which commanded the jury to "determine the full amount of the damages." It illuminates the content of both the verdict and the prior damages instructions, and dispels the ambiguity which appears when the verdict and instructions are read separately. The trial judge wrongly interpreted the verdict which was, in light of all the circumstances, unequivocal. His action was error, and the judgment in favor of plaintiff for $13,000 must be vacated, and a new judgment entered in the amount of $8,688.24, reflecting a reduction of $4,311.76 for workmen's compensation benefits previously paid.

This order is without prejudice to a renewal by plaintiff of his motion for a new trial on the ground of inadequate damages.[5] Where an appellate court vacates a

---

[5]In considering the motion to reduce the judgment by Fontana Scaffolding and plaintiff's motion for a new trial, the trial court stated, "I will let the record show that I am going to deny the motion for a new trial of the plaintiff on the ground of inadequacy of damages on the assumption that the $13,000 that the jury awarded him, plus the $4,000 workmen's compensation that he received, somewhere around $17,000, is a fair and adequate recovery, and if on appeal [Fontana Scaffolding] should prevail . . . it should be retried also on the question of damages . . . ."

Plaintiff did not appeal, and we may not consider on this appeal the issue whether the damages are inadequate. (*Harris* v. *National Union etc. Cooks & Stewards,* 116 Cal.App.2d 759, 764 [254 P.2d 673].)

judgment for plaintiff with directions to enter a new judgment in a greater amount, the defendant may move for a new trial after entry of the new judgment. (*Bond* v. *United Railroads,* 169 Cal. 273, 276 [146 P. 688]; see 3 Witkin, Cal. Procedure, *supra,* p. 2076; cf. *Avery* v. *Associated Seed Growers, Inc.,* 211 Cal.App.2d 613, 631-633 [27 Cal.Rptr. 625].) Where the appellate court directs entry of judgment in an amount less than the original judgment, the same rule obviously applies. The plaintiff should be given an opportunity to move for a new trial after entry of the new judgment. In both situations, a party who may have been satisfied with the original judgment may in reliance upon it refrain from seeking a new trial or appealing or may have had his motion for new trial denied on the ground that the original judgment was sufficiently favorable to him. The judgment directed by the appellate court is less favorable to him, and he should be permitted to determine whether to seek a new trial and to have a motion for new trial considered in the light of the new judgment.

The judgment is reversed with directions to enter judgment for plaintiff in the amount of $8,688.24. In the interests of justice, the parties shall bear their own costs on appeal.

Traynor, C. J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

McCOMB, J.—I dissent. I would affirm the judgment.

The petition of the plaintiff and respondent for a rehearing was denied November 20, 1968, and the judgment was modified to read as printed above.