[No. C049444. Third Dist. July 5, 2006.]

JAMES ROBERT GREER, Plaintiff and Respondent, v.
HOSSAM ALI BUZGHEIA, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II. and III. of the Discussion.

## COUNSEL

Shea Stokes & Carter, Shirley A. Gauvin, Julissa Robles; Trimble, Sherinian & Varanini and Suzanne M. Trimble for Defendant and Appellant.

Dreyer, Babich, Buccola & Callaham, Roger A. Dreyer, Christopher W. Wood and Stephen F. Davids for Plaintiff and Respondent.

## OPINION

**BUTZ, J.**—Defendant Hossam Ali Buzgheia appeals from a judgment and order denying judgment notwithstanding the verdict (JNOV)[1] after a jury awarded plaintiff James Robert Greer a total of $321,500 in damages arising from an automobile accident.

Defendant seeks a new trial or a reduction in the judgment on the following grounds: (1) the trial court erred in denying defendant's motion in limine to exclude evidence of the amount of medical costs billed to plaintiff in excess of those actually paid; (2) the trial court should have granted a posttrial reduction of the damage award to reflect a compromise of plaintiff's medical bills; (3) the trial court committed prejudicial error in limiting the testimony of plaintiff's accident reconstruction expert; and (4) the court abused its discretion in permitting plaintiff to call an undesignated medical expert.

Finding no reversible error, we shall affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was injured when defendant's pickup truck ran a red light and collided with plaintiff's pickup truck as plaintiff was making a U-turn on Folsom Boulevard in Sacramento. Soon after the accident, plaintiff complained of low back pain with radiation to his spine and hips. Plaintiff attempted to return to his job as a DSL[2] lineman for SBC Advanced Solutions, Inc. (SBC), but could not perform his duties without experiencing severe pain.

One year after the accident, plaintiff returned to work part-time with the aid of pain injections, but this was unsuccessful, and his doctor declared him unable to return to work at his former occupation.

Two MRI scans, taken about 15 months apart, revealed that plaintiff had suffered a degenerative disk disruption or tear, with accompanying nerve damage. When the pain did not significantly subside, plaintiff underwent spinal fusion surgery whereby the damaged disk tissue at the L5–S1 spinal segment was removed and replaced with bone material.

Plaintiff filed a personal injury complaint against defendant. Plaintiff's employer, SBC, filed its own complaint to recover approximately $30,000 in

---

[1] We dismiss defendant's purported appeal from the order denying his motion for a new trial. Such an order is nonappealable, but may be reviewed on appeal from the underlying judgment. (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2005) ¶ 2:143, p. 2-72.5.)

[2] Digital subscriber line.

medical and disability benefits it paid on plaintiff's behalf. The two actions were consolidated by stipulation.

Shortly before the commencement of trial, SBC assigned all of its rights to plaintiff and filed notice that it would not be participating in the trial.

The most hotly disputed issue at trial was whether the severe back problems plaintiff experienced after the accident were attributable to it. Plaintiff presented expert medical testimony that, while he may have had some preexisting spinal degeneration, his current condition was directly related to the trauma he suffered as a result of the accident. Defendant's medical expert testified that plaintiff "may have had a low back strain related to the initial accident," which usually heals in a few months, but that there was no objective explanation for his symptoms and that he was not a surgical candidate. The defense also presented the testimony of Winthrop Smith, Ph.D., an expert in accident reconstruction and biomechanical analysis. Based on the data he analyzed, Dr. Smith calculated the impact speed of defendant's vehicle as approximately 10 miles per hour. He characterized the collision as one of "relatively low severity," and likened the G-force associated with it to "hopping off a six-inch curb and landing on both feet," or "plopping into an office chair from a standing position."

Plaintiff presented evidence that his past economic loss, including lost wages, since the date of the accident totaled $232,363. He also presented the testimony of a rehabilitation counselor, who reviewed medical bills totaling $216,000 and testified that the amounts billed were reasonable for the services rendered.

The court submitted to the jury a special verdict form prepared by plaintiff's counsel and approved by counsel for defendant. The jury returned a verdict that found defendant 100 percent at fault for causing the accident. The damages portion of the special verdict, as completed by the jury, is repro-duced below:

**"Question No. 3:**

**"What are Plaintiff['s] damages?**

| | |
|---|---|
| "a. Past economic loss, including lost earnings/medical expenses: | $260,000 |
| "b. Future economic loss, including lost earnings/medical expenses: | $ 11,500 |
| "c. Past non-economic loss: | $ 50,000 |
| "d. Future non-economic loss: | $ -0- |
| "TOTAL: | $321,500" |

Additional facts and procedural highlights will be set forth as they become relevant to the issues.

# DISCUSSION

## I. *Hanif/Nishihama* Reduction

### A. *Procedural Background*

Prior to the commencement of trial, defendant brought a motion in limine to prevent the jury from receiving evidence of medical expenses that exceeded the amount paid on plaintiff's behalf to his medical providers. Defendant asserted, based on a letter from counsel for plaintiff's employer, SBC, that it had reached a compromise agreement with plaintiff's medical providers to satisfy his entire medical tab, which exceeded $211,000 in exchange for the sum of $132,984.92. Defendant argued that the jury should not be permitted to hear evidence that the reasonable value of the medical services exceeded the amount actually paid, since no one will be obligated to pay the difference. As authority for the motion, defendant cited *Hanif v. Housing Authority* (1988) 200 Cal.App.3d 635 [246 Cal.Rptr. 192] (*Hanif*) and *Nishihama v. City and County of San Francisco* (2001) 93 Cal.App.4th 298 [112 Cal.Rptr.2d 861] (*Nishihama*), cases which hold that an injured plaintiff in a tort action cannot recover more than the amount of medical expenses actually paid or incurred, even if the market value of the services is a greater sum. (*Hanif*, at p. 641; *Nishihama*, at pp. 306–307.)

Here, the trial court denied the motion, with the proviso that if the amount of medical expenses awarded exceeded the amount paid, it would entertain a motion for reduction. The court said: "The cost of the medical damage is what it is. It is what the jury determines it to be. [¶] So if at the end of this trial you can convince me that you're correct, then the Court would limit the recovery and have a hearing after trial, but neither *Nishihama* [n]or *Hanif* . . . require the Court to prevent the jury from hearing the evidence in the first instance."

The jury heard evidence of the amount of medical expenses billed by plaintiff's providers and testimony that the amounts were reasonable. The special verdict form, however, lumped medical expenses together with wage loss and other economic damage, by listing a single entry for "Past economic loss, including lost earnings/medical expenses."

After the verdict was entered and the jury discharged, defendant filed a motion for new trial or, in the alternative, a motion for JNOV. Attached to the motion was an unsigned handwritten notation from SBC's counsel stating that

"medical payments are $132,984.92," along with 11 pages of computer printouts that purport to document payments made "to, or on behalf of SBC employee Greer."

At the posttrial hearing, the trial judge expressed puzzlement at defendant's choice of motions, noting that the court had not yet ruled on the *Hanif/Nishihama* issue and had expected to receive a motion for reduction of the verdict based on competent evidence of the amount of paid medical expenses. But "[y]our papers do not ask for a *Nishihama* hearing. Your papers in the form that they were submitted are asking for [a] new trial pursuant to a section that involves this Court setting aside the jury verdict and allowing a new trial to begin before a new jury." To the extent the motion sought a new trial or JNOV, the court declared that it would be denied, since it found no legal error and the verdict was proper according to the evidence presented to the jury.

The trial judge stated that while she would entertain a motion for *Hanif/Nishihama* reduction in proper form, she wondered how such a motion would work in practice, since the special verdict form, which defense counsel had approved, did not list medical expenses as a separate line item.[3]

Defense counsel asserted that the jury verdict was "plenty big enough" to facilitate a *Hanif/Nishihama* offset, but the court replied that any reduction at this point would be purely speculative.

The court nevertheless gave defendant another opportunity to make a motion for a *Hanif/Nishihama* reduction, but asked for briefing on how to address the failure of the special verdict to itemize medical expenses.

---

[3] The following excerpt from the transcript illustrates the point:
"[PLAINTIFF'S COUNSEL]: . . . [I] didn't hear any complaints from defense counsel about the verdict form.
"THE COURT: Nor did the Court.
"[PLAINTIFF'S COUNSEL]: [D]efense counsel had the duty, knowing they had a posttrial motion on *Nishihama* to do, to make sure and [differentiate] between the past medical and past income [loss] so that that hearing can go forward. Defense counsel failed to do that.
"THE COURT: . . . [T]he verdict form that was given to the jury says past economic los[s] including lost earnings slash medical expenses. So the $260,000 is an amount that includes both . . . . [¶] . . . [¶]
"So the problem is, I don't know whether the $260,000 is $223,000 for lost wages and whatever the remainder is for medical, so I cannot make a determination from that jury verdict how much of that is medical and how much of that is lost income."

Defendant came back with a written motion for a *Nishihama* offset, but by the time a hearing was held, the trial court noted that defendant's notice of appeal had been filed, divesting it of jurisdiction. Defense counsel replied that she "didn't participate fully in the appellate choices," and acknowledged she was not "resisting in a large way the jurisdictional argument," but indicated the purpose of the *Nishihama* motion was to "preserve[] the issue[] . . . for appeal."

## B. *Defendant's Contentions*

### 1. *Motion in limine.*

Defendant contends the trial court initially erred in denying his motion in limine to exclude evidence of the full amount of plaintiff's billed medical expenses, since *Hanif* and *Nishihama* limit recovery to the amount actually paid.

 Trial judges enjoy " 'broad authority' " over the admission and exclusion of evidence. (*Peat, Marwick, Mitchell & Co. v. Superior Court* (1988) 200 Cal.App.3d 272, 288 [245 Cal.Rptr. 873].) The motion in limine is not expressly authorized by statute, but is within the trial court's " 'inherent power to entertain and grant.' [Citation.] 'The scope of such motion is any kind of evidence which could be objected to at trial, either as irrelevant or subject to discretionary exclusion as unduly prejudicial.' [Citation.] Its purpose is to avoid the unfairness caused by the presentation of prejudicial or objectionable evidence to the jury, and the 'obviously futile attempt to "unring the bell." ' " (*Ibid.*)

In *Hanif,* the trial judge in a bench trial awarded the plaintiff the "reasonable value" of medical services rendered, despite the fact that the hospital that billed for the expenses accepted a reduced amount from plaintiff's Medi-Cal insurance. (*Hanif, supra,* 200 Cal.App.3d at p. 639.) Based on "[f]undamental principles underlying recovery of compensatory damages in tort actions" (*id.* at p. 640), the court held that a damage award for past medical expenses in an amount greater than its actual cost "constitutes overcompensation" (*id.* at p. 641). The court directed a reduction of the award, declaring that the maximum amount a plaintiff can recover for medical services is the amount "expended or incurred for past medical services" (*id.* at p. 643), even if that amount "may have been less than the prevailing market rate" (*id.* at p. 641; see also *id.* at pp. 643–644).

In *Nishihama*, the jury received evidence of the "normal rates" charged by the hospital for care the plaintiff received. The plaintiff participated in a Blue Cross health plan, and Blue Cross paid the hospital at a discounted rate. The jury, unaware of the collateral source payment, awarded the plaintiff medical costs based on the "normal" rates. (*Nishihama, supra,* 93 Cal.App.4th at pp. 306–307.) Following *Hanif*, the court held that it was error for the jury to award a sum for medical expenses greater than the actual amount paid to the hospital, and ordered the judgment modified. (*Ibid.*) However, the court held, the error did not require remand based on the fact that the jury *heard evidence* of the prevailing rate. To the contrary, the court noted, such evidence in all likelihood gave the jury a more accurate picture of the extent of the plaintiff's injuries. (*Id.* at p. 309.)

Here, in denying the motion in limine, the trial court informed defense counsel that, while a postverdict reduction of the jury's award of medical expenses might be justified, defendant could not prevent the jury from hearing evidence regarding reasonable medical costs for plaintiff's care in the first instance. The court made it clear that if the jury rendered an award that was excessive under *Hanif/Nishihama*, it would consider a posttrial motion to reduce the recovery.

The court's ruling was correct. *Nishihama* and *Hanif* stand for the principle that it is error for the plaintiff to *recover* medical expenses in excess of the amount paid or incurred. Neither case, however, holds that *evidence* of the reasonable cost of medical care may not be admitted. Indeed, *Nishihama* suggests just the opposite: Such evidence gives the jury a more complete picture of the extent of a plaintiff's injuries. Thus, the trial court did not abuse its discretion in allowing evidence of the reasonable cost of plaintiff's care while reserving the propriety of a *Hanif/Nishihama* reduction until after the verdict. Defendant's claim of error in connection with the motion in limine is without merit.

2. *Postverdict* Hanif/Nishihama *issues.*

Defendant next claims the trial court erred in not ordering a *Hanif/Nishihama* reduction after the verdict was returned. His argument explores several variations on this theme, including (1) the trial court should have reassembled the jury and directed it to render a separate verdict for medical expenses; (2) the court should have reduced the judgment by the $78,000 difference between the amount of expenses billed and those paid by

plaintiff's employer, SBC; (3) the trial court should have granted a new trial due to the failure of the verdict to apportion damages; and (4) the court erred by failing to grant a new trial on grounds that the verdict was excessive.

We need not address these claims individually, for we find they have all been forfeited[4] by defendant's failure to request a verdict form containing a separate entry for plaintiff's past medical expenses.

 To preserve for appeal a challenge to separate components of a plaintiff's damage award, a defendant must request a special verdict form that segregates the elements of damages. (*Brokaw v. Black-Foxe Military Institute* (1951) 37 Cal.2d 274, 280 [231 P.2d 816]; *Heiner v. Kmart Corp.* (2000) 84 Cal.App.4th 335, 346 [100 Cal.Rptr.2d 854]; *English v. Lin* (1994) 26 Cal.App.4th 1358, 1369 [31 Cal.Rptr.2d 906]; *Moore v. Preventive Medicine Medical Group, Inc.* (1986) 178 Cal.App.3d 728, 746–747 [223 Cal.Rptr. 859].) The reason for this rule is simple. Without a special verdict separating the various damage components, "we have no way of determining what portion—if any" of an award was attributable to a particular category of damages challenged on appeal. (*Heiner*, at p. 346.)

In this case, the jury received evidence that plaintiff suffered $232,363 in lost wages and $216,000 in medical expenses. The verdict form given to the jury contained a single entry under question No. 3(a) for "Past economic loss, *including* lost earnings/*medical expenses*." (Italics added.) The jury completed this entry by awarding $260,000, an amount that was easily justified by the evidence.

Hence, the trial court got it right when it observed that it was, for all practical purposes, impossible to calculate a *Hanif/Nishihama* reduction, since the jury award failed to distinguish what fraction of the $260,000 economic damage award consisted of medical expenses and what portion was attributable to other items such as wage loss. Because the verdict form combined both components into one figure, the court could not apply a *Hanif*-type reduction of the verdict without engaging in obvious speculation. By failing to request a verdict form that differentiated plaintiff's medical expenses from other items of economic damage, defendant forfeited the right to assert *Hanif/Nishihama* error on appeal.

---

[4] While the parties and case law refer to a "waiver" of the issue on appeal, "the correct legal term for the loss of a right based on failure to timely assert it is 'forfeiture,' because a person who fails to preserve a claim forfeits that claim." (*In re S.B.* (2004) 32 Cal.4th 1287, 1293, fn. 2 [13 Cal.Rptr.3d 786, 90 P.3d 746].)

Anticipating this result, defendant refers us to cases which hold that defects in the verdict are not waived by failure to object to the verdict form, unless such failure results from a deliberate strategic decision on the part of counsel. None of those cases applies here, however, because each of them involved ambiguity or inconsistency *in the verdict itself.* (See *Woodcock v. Fontana Scaffolding & Equip. Co.* (1968) 69 Cal.2d 452, 456–457 [72 Cal.Rptr. 217, 445 P.2d 881]; *All-West Design, Inc. v. Boozer* (1986) 183 Cal.App.3d 1212, 1220 [228 Cal.Rptr. 736]; *Tri-Delta Engineering, Inc. v. Insurance Co. of North America* (1978) 80 Cal.App.3d 752, 756–757 [146 Cal.Rptr. 14].)

By contrast, the verdict here did not suffer from any legal defect—it simply was not *specific enough* to render it amenable to the type of challenge defendant now raises. There was nothing wrong with the verdict form proposed by plaintiff. Indeed, as counsel for defendant pointed out, it was taken directly from the model verdict forms contained in the Judicial Council of California Civil Jury Instructions (2003–2004) (CACI). (See CACI No. VF-401.) In her posttrial declaration, defendant's counsel admitted that she approved the verdict form, but claimed that her mind was not focused on potential *Nishihama* issues despite the trial court's conditional denial of her pretrial *Hanif/Nishihama* motion. The trial court's pretrial flexibility is mirrored in the use note to CACI No. VF-401, which states, "The special verdict forms in this section are intended only as models. *They may need to be modified depending on the facts of the case.*" (Italics added.) Defendant's counsel has no one to blame but herself for a verdict form that was too general to preserve a reduction claim. We state the obvious in declaring that neither the trial court nor plaintiff had a duty to propose modifications of the verdict form so as to ensure defendant's *Hanif/Nishihama* rights were preserved.

We conclude that none of defendant's challenges to the judgment based on *Hanif/Nishihama* is cognizable on appeal.

II., III.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 1150.

## DISPOSITION

The judgment and the order denying the motion for JNOV are each affirmed. Plaintiff shall recover his costs on appeal. (Cal. Rules of Court, rule 27(a).)

Davis, Acting P. J., and Nicholson, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 11, 2006, S145858.