Filed 6/27/13  P. v. House CA2/1
Opinion following remand from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B212057 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. Nos. NA076708, VA104177) |
| v. | |
| SHANTAL HOUSE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Gary J. Ferrari, Judge.  Affirmed.

Sharon Fleming, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Stephanie C. Brenan and Peggy Z. Huang, Deputy Attorneys General, for Plaintiff and Respondent.

_____

**DECISION ON REMAND**

Defendant/Appellant Shantal House was charged in two separate informations with numerous theft-related offenses. Following plea negotiations, appellant entered guilty pleas to one count from each information: (1) making a false financial statement, and (2) grand theft of an automobile, with the allegation that the property's value exceeded $50,000. (Pen. Code, §§ 487, subd. (d)(1), 532a, subd. (1), 12022.6, subd. (a)(1).)[1]

Appellant challenges the amounts of the restitution and parole revocation fines imposed by the trial court, contending that the trial court did not realize that it had the discretion to impose lower fines. In this decision we hold that by failing to object in the trial court Appellant has forfeited her right to object on appeal to the amounts of the fines, and that she has failed to establish that her counsel provided ineffective assistance in failing to object.

During our initial consideration of Appellant's appeal from the judgment, Appellant contended, and this court ruled, that she was entitled to additional presentence custody credit pursuant to an amendment to Penal Code section 4019 that had became effective after her sentencing. In *People v. Brown* (2012) 54 Cal.4th 314, however, our Supreme Court held that former section 4019 must be applied prospectively, and that the equal protection clauses of the federal and state Constitutions (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7, subd. (a)) do not require retroactive application. (*Id.* at pp. 318, 325-329.) Accordingly, on May 15, 2013, the Supreme Court transferred the case back to

---

[1] Since Appellant was sentenced on September 17, 2008, the Legislature has amended various of the Penal Code provisions cited in this opinion. Except as otherwise set forth, these amendments are not relevant to this decision, and this opinion's citations refer to the provisions in effect at the time Appellant was sentenced.

2

this court with directions to vacate our former decision in this case, and to reconsider the cause in light of its decision in *People v. Brown*, *supra*.[2]

In accord with these directions, the former decision of this court, filed in this cause on April 9, 2010, is vacated. We reconsider and redetermine the cause in light of the *People v. Brown* decision, as set forth below.

## BACKGROUND

### I.  Factual Background

#### A.  Case Number NA076708

In April 2007, Appellant purchased a 2007 red Chrysler Sebring from Jerad Pressley, a salesman at a Long Beach Chrysler Jeep dealership. Appellant provided a social security number and what appeared to be a temporary license from the Department of Motor Vehicles (DMV) in order to complete the credit application. It was subsequently learned that the social security number Appellant provided belonged to someone who had died over 10 years earlier and that the DMV did not issue temporary licenses such as the one Appellant showed Pressley.

A Chrysler financial fraud investigator received information that three payments were made on the car, using a Washington Mutual account number belonging to the Long Beach Chrysler dealership. Appellant was seen driving the car, which she subsequently sold for $7,000. A repossessor for Chrysler stated that the car, which was valued at $24,000, was never recovered.

In February 2007, Appellant moved into an apartment building called the Enclave Apartments. It was subsequently learned that the social security number Appellant provided for the rental agreement belonged to someone who did not know Appellant and who did not give her permission to use his social security number. Sometime after June 2007, Appellant attempted to pay the rent on her apartment using two checks with the

---

[2] No party has filed a supplemental brief in this court following the Supreme Court's May 15, 2013 order transferring the cause to this court for further proceedings. (See Cal. Rules of Court, rule 8.200(b).)

3

Long Beach Chrysler dealership's Washington Mutual account number on them. Although the checks displayed the dealership's bank account number, they did not have the dealership's logo and return address on them. Appellant was evicted from the apartment in September 2007, and at the time of the preliminary hearing in July 2008, Appellant owed Enclave Apartments $7,000 in rent.

### B. Case Number VA104177

In June 2007, Appellant purchased a white Cadillac Escalade, completing the credit application in the name of Chantal Dee Love. The check she used was returned by the bank, and when the Cadillac dealer attempted to contact Appellant, they learned that the information she had provided on the credit application was false. Appellant had used the social security number of someone who lives in Indiana; this victim was forced to correct his credit reports.

In September 2007, police found the car and arrested Appellant. Officers searched Appellant's purse and found several fraudulent checks and a fraudulent driver's license in the name of Chancey Baker.

## II. Procedural Background

In July 2008, Appellant was charged by information in NA076708 with twelve theft-related offenses: two counts of identity theft (Pen. Code, § 530.5); one count of grand theft auto (Pen. Code, § 487, subd. (d)(1)); two counts of false financial statement (Pen. Code, § 532a, subd. (1)); three counts of forgery (Pen. Code, § 476); one count of grand theft of personal property (Pen. Code, § 487, subd. (a)); two counts of theft of access card information (Pen. Code, § 484e, subd. (d)); and one count of grand theft of real property (Pen. Code, § 487, subd. (a)). Appellant pleaded not guilty to all counts.

In July 2008, Appellant filed a *Marsden* motion (*People v. Marsden* (1970) 2 Cal.3d 118), seeking to discharge her attorney. The court denied her motion.

In August 2008, Appellant was charged by separate information in VA104177 with ten counts: one count of second degree commercial burglary, with the allegation that the property's value exceeded $50,000 (Pen. Code, §§ 459, 12022.6, subd. (a)(1)

4

(2007)[3]); one count of grand theft auto, with the same allegation that the property's value exceeded $50,000 (Pen. Code, §§ 487, subd. (d)(1), 12022.6, subd. (a)(1)); one count of unlawful taking of a vehicle (Veh. Code, § 10851); one count of false financial statement (Pen. Code, § 532a, subd. (1)); four counts of forgery (Pen. Code, § 476); one count of identity theft (Pen. Code, § 530.5); and one count of perjury on her application for a driver's license (Pen. Code, § 118, subd. (a)). This case was transferred to Long Beach to be considered with the first case.

Appellant filed another *Marsden* motion, but she withdrew the motion and entered into plea negotiations. Appellant subsequently withdrew her not guilty plea in case NA076708 and entered a guilty plea to count three, false financial statement. (Pen. Code, § 532a, subd. (1).) As to case VA104177, Appellant agreed to plead guilty to count two, grand theft auto, and admitted the allegation that the property's value exceeded $50,000. (Pen. Code, §§ 487, subd. (d)(1), 12022.6, subd. (a)(1).)

Appellant's plea agreement included a *Harvey* waiver (*People v. Harvey* (1979) 25 Cal.3d 754), which allows the trial court to consider dismissed counts in determining a sentence. Thus, when Appellant was advised of her rights at the hearing, she specifically was asked if she understood that the court would order her to pay "certain fines and fees associated with [her] change in plea." Appellant also was advised as follows: "Furthermore, you're also going to have to pay money to the victims in this case. Now, that's called restitution. And you are agreeing to pay restitution on the counts that you are going to be convicted of and the counts that will be dismissed." Appellant indicated that she understood that she would have to pay the fines and the restitution on all the counts.

At sentencing, the trial court sentenced Appellant to the upper term of three years on the false financial statement count of NA076708. Appellant was given credit for 92

---

[3] Penal Code section 12022.6, subdivision (a)(1) was amended in 2007 to increase the loss amount to $65,000 (Pen. Code, § 12022.6, subd. (a)(1)), as amended by Stats. 2007, ch. 420, § 1), and has since been further amended in ways not relevant here.

5

days in actual custody and 46 days of good time/work time credit. Appellant was ordered to pay a $200 restitution fine per year, for a total of $600, restitution of $23,848.01 to Chrysler Financial, restitution of $2,900 to Enclave Apartments, and a $20 court security assessment fee.

As to the grand theft auto count of VA104177, Appellant was sentenced to the upper term of three years, plus a one-year enhancement, for a total of four years, to run concurrently with the sentence in NA076708. Appellant received credit for 88 days in actual custody and 44 days of good time/work time credit. The court ordered Appellant to pay a $200 restitution fine per year, for a total of $800, a $20 court security fee, and a $200 per year parole revocation restitution fine, again totaling $800, that was suspended unless parole is revoked.

Appellant filed a notice of appeal, seeking reversal based on ineffective assistance of counsel. Appellant's request for a certificate of probable cause was denied. This court therefore granted Appellant's motion to amend her notice of appeal to include language indicating that her appeal is based on grounds occurring after entry of the plea which do not affect its validity. Appellant subsequently filed a motion for leave to file a supplemental brief regarding an amendment to Penal Code section 4019, effective January 25, 2010. Appellant's motion was granted, and we sought briefing by Respondent.

## DISCUSSION

Appellant challenges the amounts of the restitution and parole revocation restitution fines, contending that the trial court did not know that it had discretion to impose lower fines. Appellant acknowledges that she did not object to the amounts of the fines in the trial court, but she contends that her claim is not forfeited because she did not have a meaningful opportunity to object, and, in the alternative, that her counsel's failure to object constituted ineffective assistance of counsel. Finally, Appellant contends that the recent amendment to Penal Code section 4019 should be applied retroactively to entitle her to additional presentence custody credits.

6

## I.    Forfeiture of Claim

As an initial matter, Appellant acknowledges that she failed to object to the court's imposition of the restitution fines.  A party who fails timely to assert a right forfeits that claim.  (*Greer v. Buzgheia* (2006) 141 Cal.App.4th 1150, 1158, fn. 4.)  "Although the loss of the right to challenge a ruling on appeal because of the failure to object in the trial court is often referred to as a 'waiver,' the correct legal term for the loss of a right based on failure to timely assert it is 'forfeiture,' because a person who fails to preserve a claim forfeits that claim.  In contrast, a waiver is the '"intentional relinquishment or abandonment of a known right."'  [Citations.]"  (*In re S.B.* (2004) 32 Cal.4th 1287, 1293, fn. 2.)  "[A]pplication of the forfeiture rule is not automatic.  [Citations.]"  (*Id.* at p. 1293.)  Nonetheless, "the appellate court's discretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue."  (*Ibid.*)

Here, Appellant contends that she was not informed of the amounts of the fines the court would impose.  She argues that the probation report prepared for case number VA104177 recommended a fine of $500, not the $800 that was actually imposed.  Although Appellant might not have been advised of the exact amount of the restitution she would be ordered to pay, there is no question that, when Appellant was advised of her rights in changing her plea, she explicitly agreed to pay restitution on the counts of conviction as well as on the dismissed counts.  Appellant has failed to establish that her case is one of those rare cases presenting an important legal issue.  We therefore decline to exercise our discretion to excuse her forfeiture of her claim.

## II.    Ineffective Assistance of Counsel

Appellant argues that, in the alternative, her claim should be addressed in the context of a claim of ineffective assistance of counsel.  We disagree with Appellant's contention that her counsel's failure to object to the amounts of the fines constituted ineffective assistance of counsel.

"In assessing claims of ineffective assistance of trial counsel, we consider whether counsel's representation fell below an objective standard of reasonableness under

prevailing professional norms and whether the defendant suffered prejudice to a reasonable probability, that is, a probability sufficient to undermine confidence in the outcome. [Citations.] A reviewing court will indulge in a presumption that counsel's performance fell within the wide range of professional competence and that counsel's actions and inactions can be explained as a matter of sound trial strategy. Defendant thus bears the burden of establishing constitutionally inadequate assistance of counsel. [Citations.] If the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged, an appellate claim of ineffective assistance of counsel must be rejected unless counsel was asked for an explanation and failed to provide one, or there simply could be no satisfactory explanation. [Citation.] Otherwise, the claim is more appropriately raised in a petition for writ of habeas corpus. [Citation.]" (*People v. Carter* (2003) 30 Cal.4th 1166, 1211; see also *People v. Stewart* (2004) 33 Cal.4th 425, 459 [citing the well-established principle that, "if the record does not preclude a satisfactory explanation for counsel's actions, we will not, on appeal, find that trial counsel acted deficiently. [Citations.]"].)

Here, the record sheds no light on why counsel did not object to the amounts of the fines. The record does not preclude the possibility that counsel did not object because the amounts simply did not appear unreasonable. Appellant's claim accordingly "is more appropriately decided in a habeas corpus proceeding. [Citations.]" (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)

Appellant relies on *People v. Le* (2006) 136 Cal.App.4th 925, 935-936, in which the appellate court agreed with the defendant's ineffective assistance of counsel claim and reduced the amount of the restitution fine. *People v. Le*, however, is inapposite because, in that case, trial counsel failed to object to an improper consecutive sentence and to the trial court's improper inclusion of a conviction in calculating the amount of the fine. (*Id.* at p. 935.) The court accordingly found that trial counsel's error was prejudicial. (*Id.* at p. 936.)

8

Here, by contrast, there was no error in imposing Appellant's sentence and no error in calculating the amount of the fine. There is nothing in the record to support Appellant's contention that it is highly probable that the court would have imposed a lower fine had counsel raised an objection to the fines. Appellant accordingly has failed to establish that she was prejudiced by counsel's failure to object to the amounts of the fines. Appellant's counsel did not render ineffective assistance.

## III. Amounts of Restitution Fines

Even if Appellant did not forfeit her challenge to the fines by failing to object in the trial court, her contentions are unmeritorious. Appellant contends that the trial court did not realize that it had the discretion to impose a lower fine, and that, even if the court was aware of its discretion, the court abused its discretion by failing to impose a lower fine. We disagree. There is no indication that the trial court was unaware of its discretion to set a lower fine, and the amounts that the trial court imposed do not indicate that the court abused its discretion.

The trial court's restitution order is reviewed for an abuse of discretion. (*People v. Millard* (2009) 175 Cal.App.4th 7, 26.) "'"'Where there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court.'" [Citations.]' [Citation.]" (*Ibid.*) We "will not disturb the trial court's determination unless it is arbitrary, capricious and exceeds the bounds of reason." (*People v. Maheshwari* (2003) 107 Cal.App.4th 1406, 1409.)

At the time of Appellant's offenses, Penal Code section 1202.4 provided, in pertinent part, as follows: "(b) In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record. [¶] (1) The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense, but shall not be less than two hundred dollars ($200), and not more than ten thousand dollars ($10,000), if the person is convicted of a felony, and shall not be less than one hundred dollars ($100), and not more than one thousand dollars

9

($1,000), if the person is convicted of a misdemeanor. [¶] (2) In setting a felony restitution fine, the court may determine the amount of the fine as the product of two hundred dollars ($200) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted. [¶] (c) The court shall impose the restitution fine unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record. . . ." (Pen. Code, § 1202.4, subds. (b) & (c); see *People v. Hamilton* (2003) 114 Cal.App.4th 932, 940, fn. 5 [applying the version of Penal Code section 1202.4 in effect at the time of the crime].)

In support of her contention that the trial court did not realize it had the discretion to impose the minimum fine of $200, Appellant cites the court's statement that Appellant was ordered to "pay a mandatory $200 restitution fine per year." Appellant's contention is unavailing.

"It is a basic presumption indulged in by reviewing courts that the trial court is presumed to have known and applied the correct statutory and case law in the exercise of its official duties. [Citations.]" (*People v. Mack* (1986) 178 Cal.App.3d 1026, 1032.) There is no indication in the record that the trial court was unaware of its discretion to impose a lower fine. The court's description of the fine as "a mandatory $200 restitution fine per year" is merely a reflection of the fact that the fine is mandatory pursuant to the statute.

The statute states that "[t]he court *shall* impose the restitution fine unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record." (Pen. Code, § 1202.4, subd. (c), italics added.) "[T]he usual rule with California codes is that 'shall' is mandatory and 'may' is permissive unless the context requires otherwise." (*Walt Rankin & Associates, Inc. v. City of Murrieta* (2000) 84 Cal.App.4th 605, 614.) The trial court's statement does not indicate that the court erroneously believed that it lacked discretion to impose a lower fine.

10

We also reject Appellant's contention that the trial court abused its discretion in choosing the amounts of the fines. It is true that the statute provides that, in determining the amount of the fine, "the court shall consider any relevant factors, including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, [and] the extent to which any other person suffered any losses as a result of the crime, . . . ." (Pen. Code, § 1202.4, subd. (d).) Nonetheless, the statute further provides that "[e]xpress findings by the court as to the factors bearing on the amount of the fine shall not be required." (*Ibid.*)

Appellant has failed to establish that the amounts of the fines were arbitrary, capricious, or exceeded the bounds of reason. (*People v. Maheshwari*, *supra*, 107 Cal.App.4th at p. 1409.) Although the trial court did not articulate its reasons for the amounts of the fines, the record indicates that the court could have taken into account factors such as "the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered any losses as a result of the crime, and the number of victims involved in the crime." (Pen. Code, § 1202.4, subd. (d).) Appellant certainly derived economic gain from her offenses, and she caused large financial losses to several victims. The trial court did not abuse its discretion in imposing the restitution fines.

## IV.     Penal Code Section 4019

Under Penal Code section 2900.5, a defendant sentenced to imprisonment is entitled to presentence custody credit pursuant to Penal Code section 4019, which sets forth the formula to determine the accrual of work and conduct presentence credits. At the time of Appellant's sentencing on September 17, 2008, section 4019 provided for one day of work time credit and one day of conduct credit for each six-day period of custody. (Pen. Code, § 4019, subds. (b) & (c) (2008).)

11

The statute was amended, effective January 25, 2010, to provide for one day each of work time and conduct credit for every four-day period of custody.  (Pen. Code, § 4019, subds. (b) & (c), as amended by Stats. 2009, ch. 28, § 50 (Sen. Bill No. 18).) Appellant contended that the statute should be applied retroactively, entitling her to the additional credits afforded by the provisions of section 4019 in effect at the time of her appeal.[4]

In *People v. Brown*, *supra*, 54 Cal.4th 314, however, our Supreme Court held that former section 4019 must be applied prospectively, and that the equal protection clauses of the federal and state Constitutions (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7, subd. (a)) do not require retroactive application.  (*Id.* at pp. 318, 325-329.)  We therefore hold in accord with that decision that the 2009 amendment to Penal Code section 4019 does not apply retroactively, and that Appellant is not entitled to the benefit of the amended statute.  (*Ibid.*)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


CHANEY, J.

We concur:


ROTHSCHILD, Acting P. J.


JOHNSON, J.

---

[4] The Legislature has since enacted a number of further amendments, with modifications not relevant here.